UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:18-CR-00106-JRW-1

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.        **DEFENDANT LEE'S MOTION TO DISMISS
FOR VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS**

DARRELL JOSEPH LEE                                          DEFENDANT

\* \* \* \* \*

Comes now Defendant Darrell Joseph Lee, by counsel, Michael L. Goodwin, and respectfully moves this Court to dismiss the single count and notice of forfeiture pending against him under this indictment because the United States has failed to comply with the Interstate Agreement on Detainers Act.

The Interstate Agreement on Detainers ("IAD") is an interstate compact, agreed to by the various states, including Kentucky and the United States government, that furnishes a procedure by which a prisoner currently incarcerated in one state, the "sending state," can be transferred to another state, the "receiving state," to dispose of outstanding criminal charges against him in the receiving state. Its main objective is "to encourage the expeditious and orderly disposition" of these charges to reduce the prisoner and prison officials' period of uncertainty concerning the total length of the prisoner's sentence. 18 U.S.C. app. §2, Art. I. This benefits the prisoner, officials working in the

penal system' and society in general." See Id., note 63. The procedure governing transfer and disposition of charges may be initiated either by the prisoner or by the prosecuting authorities of the receiving state.

The IAD establishes two procedures under which the prisoner against whom a detainer has been lodged may be transferred to the temporary custody of the receiving state. "One of these procedures may be invoked by the prisoner; the other by the prosecuting attorney of the receiving State." *Cuyler v. Adams*, 449 U.S. 433, 443-44 (1981).

> Article III of the Agreement provides the prisoner-initiated procedure. It requires the warden to notify the prisoner of all outstanding detainers and then to inform him of his right to request final disposition of the criminal charges underlying those detainers. If the prisoner initiates the transfer by demanding disposition (which under the Agreement automatically extends to all pending charges in the receiving State), the authorities in the receiving State must bring him to trial within 180 days or the charges will be dismissed with prejudice, absent good cause shown.
>
> Article IV of the Agreement provides the procedure by which the prosecutor in the receiving State may initiate the transfer. First, the prosecutor must file with the authorities in the sending State written notice of the custody request, approved by a court having jurisdiction to hear the underlying charges. For the next 30 days, the prisoner and prosecutor must wait while the Governor of the sending State, on his own motion or that of the prisoner, decides whether to disapprove the request. If the Governor does not disapprove, the prisoner is transferred to the temporary custody of the receiving State where he must be brought to trial on the charges underlying the detainer within 120 days of his arrival. Again, if the prisoner is not brought to trial within the time period, the charges will be dismissed with prejudice, absent good cause shown.

*Id.*

The penalties for non-compliance with the IAD are severe. See 18 U.S.C. app. §2, arts. III(d), IV(e), V(c) (1982). Art. III(d) reads, in relevant part:

> If trial is not had on any indictment, information, or complaint contemplated [under art. III] prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

The IAD also imposes obligations upon prison officials to assist in the orderly and efficient transfer of prisoners for disposition of out-of-state detainers. Upon learning of a detainer lodged against a prisoner in their custody, the official having custody of a prisoner "shall promptly inform [the prisoner] of the source and contents of any detainer lodged against him and . . . of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based." 18 U.S.C. App. 2 at § 2, Art. III(c). If the prisoner then agrees to voluntarily initiate the transfer and demands disposition of the charges against him, the IAD further provides that "[a]ny request for final disposition made by a prisoner. . . shall operate as a request for final disposition of all untried indictments, informations, or complaints. . . The warden, commissioner of corrections, or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the State to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner." Id. at § 2, Art. III(d).

Here, Darrell Lee invoked Article III of the IAD on April 5, 2019, and the United States has failed to bring him to trial within 180 days, and this Court must dismiss the instant indictment with prejudice. While Mr. Lee was in state custody, serving a state sentence at Roederer Correctional Complex in LaGrange, Kentucky, the United States filed a detainer against him. Mr. Lee was indicted for felon in possession of a firearm on July 24, 2018. R. 1. The detainer for the arrest warrant in this matter for this charge was issued on April 4, 2019, and delivered to Mr. Lee on April 5, 2019 at the state prison. See attached Detainer.

Pursuant to the instructions on page 2 of the detainer, Mr. Lee then signed and executed the following section:

> "I have read or have been read the above paragraph notifying me that a Detainer has been lodged against me and that I have the right to demand a speedy trial on the charge(s). I DO demand a speedy trial on the charge(s). I understand that if I do request a speedy trial, this request will be delivered to the Office of the United States Attorney who caused the Detainer to be filed…."

Id.

The Detainer also instructs the United States Marshals to return one copy of served Detainer to Marshals Office for the Western District of the United States, and "if the prisoner remains a speedy trial, forward the Detainer together with the Certificate of Inmate Status by registered or certified mail to the U.S. Attorney for the Western District of Kentucky and the U.S. District Court for the Western District of Kentucky. Id. The Detainer also includes the signature of the U.S. Marshal and the witness to the signature

of Mr. Lee. Id. Finally, the Detainer contains a stamp indicating that the Detainer executed by Mr. Lee was received by Offender Records at the prison.

Darrell Lee executed this Detainer on April 5, 2019. Despite his demand for a speedy trial the United States government took no action on the Detainer it lodged against Mr. Lee until it applied for a writ of habeas corpus *ad prosequendum* on November 26, 2019. R. 8. The government waited over eight months to place the detainer on Mr. Lee for this charge. Upon receipt of notice of this detainer, Mr. Lee executed the document and demanded a speedy trial under the IAD the same day and caused it to be returned to the Marshals, the U.S. Attorney's Office and the Court. The government then failed to have Mr. Lee brought to trial, or take any action in this matter, for over 180 days. Pursuant to Article III of the IAD, this Court should dismiss the charges in this indictment with prejudice.

**WHEREFORE,** Defendant respectfully requests this Honorable Court dismiss the charges against him with prejudice, or in the alternative, conduct an evidentiary hearing on this Motion.

Respectfully submitted,

*/s/Michael L. Goodwin*
**MICHAEL GOODWIN**
600 West Main St, Ste 100
Louisville, Kentucky 40202
(502) 584-7622
michaellgoodwin@me.com

**CERTIFICATE OF SERVICE**

5

   I hereby certify that the foregoing was electronically filed with the Clerk of the Court, through the ECF system, on this 29th day of January 2020.

               */s/Michael L. Goodwin*
               **MICHAEL GOODWIN**