UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA      Plaintiff

v.      Criminal Action No. 3:18CR-106-JRW

DARRELL JOSEPH LEE      Defendant

## ARRAIGNMENT AND SCHEDULING ORDER

On January 30, 2020, U.S. Magistrate Judge Colin H. Lindsay held initial appearance and arraignment proceedings in this matter with the following appearances:

| | |
|---|---|
| For the United States: | Nute A. Bonner |
| For the Defendant: | Michael L. Goodwin |
| Court Reporter: | Digital Recording |

The defendant acknowledged (a) identity; (b) receiving the Indictment; and (c) being advised of the Indictment's charges. The defendant entered a **NOT GUILTY** plea.

Accordingly, the Court **ORDERS**:

1. Trial. U.S. District Judge Justin R. Walker will hold a jury trial in this matter on **April 6, 2020, at 9:30 a.m.** Counsel shall be present in the courtroom no later than 9:00 a.m.

2. Motions to Continue Trial. The Court will grant continuances only after making properly-supported Speedy Trial Act findings. 18 U.S.C. § 3161, *et seq*. All continuances must meet one of the Act's exceptions. *See id.* § 3161(h).

3. Status Conference. Judge Walker will hold an in-person status conference in this matter on **March 6, 2020, at 10:00 a.m.**

1

4. <u>Discovery and Inspection</u>.

    a. **No later than twenty-one days after the arraignment**, the United States and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to Rule 16.

    b. If the defendant seeks additional discovery, the parties shall confer to resolve their issues without seeking recourse from the Court. The defendant's request for additional discovery may be oral or written, and the United States may respond orally or in writing.

    c. Counsel shall make a good-faith effort to resolve a discovery dispute before filing a discovery-related motion. The moving party must attach a certification that counsel have conferred and are unable to resolve their differences. The deadline for moving for additional discovery is **fourteen days** before trial.

5. <u>Additional Discovery Requirements</u>.

    a. <u>Jencks Act material</u>. The United States may, but is not required to, furnish Jencks Act material to the defendant before trial. *See* 18 U.S.C. § 3500.

    b. *Brady & Giglio* <u>Material</u>. The United States shall disclose all *Brady* and *Giglio* material within a reasonable time so that the defendant may effectively use the material at trial. The Court may grant a continuance or enter any other order if a party violates its disclosure obligations. *See* Fed. R. Crim. P. 16(d)(2).

    c. <u>Expert Discovery</u>. If Rule 16 requires disclosure of a party's expert witness, the deadline for disclosing that witness is twenty-eight days before trial.

    d. The parties have a continuing duty to disclose additional discoverable evidence. Fed. R. Crim. P. 16(c).

6. <u>Motions</u>. All motions must comply with LCrR 12.1.

    a. <u>Deadlines</u>. Except as otherwise ordered, the defendant's motion deadline is no later than **twenty-eight days** after arraignment. If the grand jury issues a superseding indictment, the defendant's motion deadline is either (a) fourteen days after the subsequent arraignment, or (b) within the original twenty-eight-day window, whichever is later.

    b. <u>Motions to suppress</u>. A motion to suppress must identify the exact evidence sought to be suppressed. The defendant must identify the factual issues in dispute in asking for an evidentiary hearing.

    c. <u>Response to motion to suppress</u>. If the Court grants the defendant's request for a suppression hearing, the United States's response in opposition is due **three days** before the suppression hearing.

7. <u>Pretrial Deadlines</u>.

    a. <u>Pretrial Memorandum</u>. No later than fourteen days before trial, each party shall file a trial memorandum addressing all of the following:

        i. The statute(s) involved and the elements of the offense(s), with argument and citations to authority (if disputed).

        ii. Disputed and undisputed facts.

        iii. Each unresolved issue of law, with argument and citations to authority.

        iv. Anticipated evidentiary issues, with argument and citations to supporting authority.

        v. Any reasonably anticipated potential trial problems.

      vi.      Proposed substantive and special jury instructions, with citations to supporting authority.

      vii.      Proposed *voir dire* questions.

      viii.      Exhibits. Counsel shall separately file an exhibit list and an authenticity stipulation.

    b.    Motions in Limine. The deadline for moving *in limine* is **fourteen days** before trial. Responses in opposition are due **seven days** before trial.

    c.    *Daubert* motions. The deadline for moving to exclude expert witness testimony is **fourteen days** before trial. Responses in opposition are due **seven days** before trial.

8.    United States's Additional Obligations.

    a.    Witness list. **At least fourteen days** before trial, the United States shall submit for the Court's *in camera* review a proposed witness list summarizing each witness's testimony and an estimate of the length of the testimony. The United States shall email the witness list to Ms. Megan Jackson at megan_jackson@kywd.uscourts.gov.

    b.    Exhibits. When the trial begins, the United States shall furnish to the court reporter a list of pre-marked exhibits. The United States shall retain the physical exhibits during and after trial.

    c.    Rule 404(b) Notice. If the defendant serves a request for notice of Rule 404(b) evidence, the United States shall provide that notice **no later than twenty-one days** before trial.

9. <u>Detention.</u>

The defendant, through counsel, elected to waive his right to a detention hearing at this time and executed the appropriate form to that effect. Accordingly, the defendant is remanded to the custody of the United States Marshals Service pending further order of the Court.

January 5, 2020

**ENTERED BY ORDER OF THE COURT:**
**COLIN H. LINDSAY**
**UNITED STATES MAGISTRATE JUDGE**
**VANESSA L. ARMSTRONG, CLERK**
**BY:** *Theresa L. Burch* **- Deputy Clerk**

:10