UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                        CRIMINAL NO. 3:18-CR-106-JRW

DARRELL JOSEPH LEE                                                    DEFENDANT

**RESPONSE TO MOTION TO DISMISS**
*--Electronically Filed--*

The United States opposes Lee's motion to dismiss (DN11) and relies on the Sixth Circuit case of *United States v. White*, 185 Fed. Appx. 504 (6th Cir. 2006). Lee argues that his indictment should be dismissed because the government violated the Interstate Agreement on Detainers Act (IAD) by not bringing him to trial within 180 days after April 5, 2019, which is when Lee claims to have invoked Article III of the IAD. (DN11, DN11-1). However, under *White*, "the IADA's 180-day speedy trial clock does not begin to run until both the prosecuting attorney's office and the court in the charging jurisdiction actually receive the speedy trial request from the institution where the individual is being held." *Id.* at 508 citing *Fex v. Michigan*, 507 U.S. 43 (1993). In Lee's case, neither the prosecuting attorney's office nor the court in the charging jurisdiction actually received Lee's speedy trial request. A chronology of Lee's case is as follows:

1. On July 24, 2018, Lee is indicted in the Western District of Kentucky. (DN1)

2. On April 5, 2019, Lee completes a Form USM-17A. (DN11-1)

3. On April 5, 2019, the United States Marshals inform the United States Attorney's Office that a federal detainer has been placed on Lee. (DN15-1)

4. On November 26, 2019, Lee asks the United States Marshals about the status of his speedy trial request. (DN15-2)

5. On November 26, 2019, the United States Attorney's Office files a Petition for Writ of Habeas Corpus Ad Prosequendum. (DN8)

6. On January 24, 2019, the Court issues the Writ of Habeas Corpus Ad Prosequendum. (DN10)

7. On January 30, 2019, Lee makes his initial appearance and is arraigned on the Indictment. (DN14)

At no time prior to January 29, 2020, did the District Court (DN15-3) or the United States Attorney's Office receive the Form USM-17A from the institution where Lee was being held. In fact, similar to *White*, neither the Court nor the prosecuting attorney received Lee's request until it was attached to Lee's motion to dismiss. *Id.* A "state institution's failure to forward [Lee's] request does not alter the IADA's requirements or the application of *Fex*'s holding." *Id.* Furthermore, a phone call from the Marshals to the United States Attorney's Office does not satisfy the requirement that the Court also receive notice of Lee's speedy trial request. "Even if we were to accept *arguendo* that delivery of the request to the U.S. Marshals' office . . . was sufficient under a theory of agency to constitute delivery to the 'prosecuting officer' . . . that request did not become effective and start the 180-day clock until it was *also* delivered to the district court." *Id.* citing *United States v. Paredes-Batista*, 140 F. 3d 367 (2nd Cir. 1998).

What occurred was that Lee requested a speedy trial on April 5, 2019 -- that request was not delivered by the state institution holding Lee at the time to either the United States Attorney's Office or the United States District Court. At no time was either the Court or the United States Attorney's Office even aware of Lee's desire for a speedy trial until Lee inquired about the status of his speedy trial request on November 26, 2019, in response to which the government immediately filed a writ to bring him to trial in order to satisfy the IAD and speedy trial requirements. Lee was arraigned a little over two months later.

As in *White*, "this case is controlled by the Supreme Court's decision in *Fex*," which states "that the applicable language of IADA is to be literally read." *Id.* at 509. Because Lee's "speedy trial request was not made to the prosecutor and the appropriate court," there was no violation of the IAD. *Id.*

WHEREFORE, the United States respectfully requests that the Court DENY Lee's motion to dismiss.

                                      Respectfully submitted,

                                      RUSSELL M. COLEMAN
                                      United States Attorney

                                      */s/ Nute A. Bonner*
                                      Nute A. Bonner
                                      Assistant United States Attorney
                                      717 West Broadway
                                      Louisville, Kentucky   40202
                                      PH:   (502)582-5911
                                      Email: nute.bonner@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice to Michael L. Goodwin, Esq., counsel for Darrell Lee.

                                      */s/ Nute A. Bonner*
                                      Nute A. Bonner
                                      Assistant United States Attorney