UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO.: 3:18-CR-106-JRW |
| DARRELL JOSEPH LEE | DEFENDANT |

\* \* \* \* \*

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court for consideration of the United States' Motion for Preliminary Order of Forfeiture.

The Defendant was first advised by the Notice of Forfeiture in the Indictment that as result of his violation of 18 U.S.C.§ 922(g)(1), 18 U.S.C. § 924(a)(2) and 18 U.S.C. § 924(e)(1) the United States would seek forfeiture of all firearms and ammunition involved in the commission of the charged offense, including but not limited to an Anderson Arms, Model AM-15, multi-caliber rifle, bearing serial number 17076196; a Smith & Wesson, Model 36, .38 caliber revolver, bearing serial number J151383; a Defense Procurement Manufacturing Services, Model A-15, .223 caliber/5.56 millimeter rifle, bearing serial number FH19044; and a Taurus, Model PT111 G2, 9 millimeter pistol, bearing serial number TIS63746; and ammunition. Such forfeiture is in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

On March 11, 2020 the Defendant entered a Rule 11(c)(1)(B) guilty plea to Count 1 of the Indictment. Within his plea agreement (DN 18), the Defendant both acknowledged the Notice of Forfeiture in the Indictment (¶ 1) and agreed to the forfeiture sought (¶ 17).

The United States subsequently filed its Motion for Preliminary Order of Forfeiture (DN 20) on April 23, 2020. The Defendant did not respond, and his response time expired. *See* LCrR 12.1(d).

Under Rule 32.2, the Court determines "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The Court may consider the plea agreement in determining whether there is a requisite nexus. Fed. R. Crim. P. 32.2(b)(1)(B). If the Court finds that the firearm and ammunition are subject to forfeiture, the Court must promptly enter a preliminary forfeiture order directing the forfeiture of specific property. Fed. R. Crim. P. 32(b)(2)(A). The Court must enter the preliminary forfeiture order without considering any potential third-party interest in the property. *Id.*

Based on the Defendant's guilty plea to Count 1 of the Indictment, the Court **FINDS** that the following property represents property involved in the commission of the offense to which the Defendant pled guilty, and therefore is forfeited to and may be seized by the United States for disposition in accordance with the law, under 28 U.S.C. § 924(d) and 28 U.S.C. § 2461, and subject to the provisions of 21 U.S.C. § 853(n):

(a) Anderson Arms, Model AM-15, multi-caliber rifle, bearing serial number: 17076196;

(b) Smith & Wesson, Model 36, .38 caliber revolver, bearing serial number: J151383;[1]

(c) Defense Procurement Manufacturing Services, Model A-15, .223 caliber/5.56 millimeter rifle, bearing serial number FH19044;[2]

(d) Taurus, Model PT111 G2, 9-millimeter pistol, bearing serial number: TIS63746; and

---

[1] The serial number has been revised to reflect the serial number that was listed in the Plea Agreement signed by the Defendant (DN 18). If this is incorrect, or either party has an objection to this revision, they may file a motion to amend this Order.

[2] Although this firearm was not listed in the Proposed Preliminary Order of Forfeiture filed by the United States (DN 20), it was included in the Plea Agreement signed by the Defendant (DN 18). If this is incorrect, or either party has an objection to this revision, they may file a motion to amend this Order.

(e) Ammunition.

Therefore, the Court having reviewed this matter and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED**:

1. The United States, the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any duly authorized law enforcement agency (hereinafter "custodian") shall seize the property subject to forfeiture if not in its custody and shall maintain the property in its secure custody. If necessary, the custodian may appoint a substitute custodian.

2. Pursuant to 21 U.S.C. § 853 and Rule G(4) of the Supplemental Rules, the custodian shall publish on the Internet at www.forfeiture.gov for 30 consecutive days: notice of this Preliminary Order of Forfeiture, notice of the custodian's intent to dispose of the property in such a manner as the Attorney General may direct, and notice that any person, other than the Defendant, who has or claims a legal interest in the above property must file a petition with this Court within 30 days of the final publication date, receipt of actual notice, or within 60 days of the first day of publication on the Internet, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. This notice shall also state that a copy of the petition must be served on the United States Attorney's Office, 717 West Broadway, Louisville, Kentucky 40202.

3. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is subject to this Preliminary Order of Forfeiture.

4. Pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(m), the United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who may have an interest in the property forfeited herein, or to identify any substitute assets as defined by 21 U.S.C. § 853(p).

5. If, as a result of the adjudication of third party interests, it becomes necessary to initiate forfeiture proceedings under 21 U.S.C. § 853(p) regarding the Defendant's interest in substitute assets other than those listed in this Preliminary Order of Forfeiture, the Court shall identify such substitute assets by entering an Amended Preliminary Order of Forfeiture, and at that time shall authorize appropriate additional discovery and ancillary proceedings regarding those assets. Upon adjudication of all third-party interests in the property identified by this order and any subsequent amended orders, this Court shall enter a final order of forfeiture authorizing the custodian to take title to any interest forfeited to the United States and allowing the custodian to dispose of the property in accordance with law, pursuant to Rule 32.2 and 21 U.S.C. § 853.

6. This Preliminary Order of Forfeiture shall be and is hereby fully incorporated and made part of the Defendant's Judgment and Commitment, without further order of this Court, to be entered on or about sentencing of the Defendant.

Justin R Walker, District Judge
United States District Court

May 14, 2020

Cc: Counsel of Record