UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:18-CR-00106-JRW-1

UNITED STATES OF AMERICA                                         PLAINTIFF

vs.

DARRELL JOSEPH LEE                                                DEFENDANT

**DARRELL JOSEPH LEE'S SENTENCING MEMORANDUM**

Defendant, Darrell "Dee Jay" Lee is a 27-year-old before the court for sentencing after pleading guilty to a single count of being a felon in possession of a firearm. Four firearms were found in Mr. Lee's residence when searched by Louisville Metro Police and Home Incarceration Program officers. While Mr. Lee admitted that he possessed these firearms, and fully cooperated with the investigating officers, the weapons were found in his home and there is no allegation that Mr. Lee used the firearms to injury anyone or commit any other crime. Mr. Lee has been willing to admit guilt and accept responsibility for his actions throughout this prosecution, requested that his case be timely resolved pursuant to the Interstate Agreement on Detainers, promptly entered a plea agreement with the United States, and in reliance upon the terms of that plea agreement has agreed to withdraw his motion to dismiss based on an alleged violation of the Interstate Agreement on Detainers.

As eloquently described by his mother, in her letter to this Court, "Dee Jay has accepted responsibility for possessing these firearms, but he is so much more than his worst acts."

1. **SENTENCING GUIDELINES**

In the plea agreement (R.18), Mr. Lee and the United States agreed upon the offense conduct which forms the basis for the conviction and sentence. The agreed factual basis is set forth as follows in Paragraph 3 of the Plea Agreement:

> On or about October 13, 2014, in Jefferson Circuit Court, Division Eleven, Jefferson County, Kentucky, in Case Numbers 14-CR-1780 and 14-CR-2473-1, Lee, the defendant, was convicted of the felony offenses of Possession of a Firearm by a Convicted Felon, Wanton Endangerment in the First Degree, Facilitation of Arson in the Second Degree, Criminal Mischief in the First Degree, Escape in the Second Degree, and Tampering with Physical Evidence (Complicity).
>
> On or about June 14, 2018, in Jefferson County, Kentucky, which is in the Western District of Kentucky, Lee possessed firearms, to wit: an Anderson Arms, Model AM-15, multi-caliber rifle, bearing serial number 17076196; a Smith & Wesson, Model 36, .38 caliber revolver, bearing serial number J151383; a Defense Procurement Manufacturing Services, Model A-15, .223 caliber/5.56 millimeter rifle, bearing serial number FH19044; and a Taurus, Model PT111 G2, 9 millimeter pistol, bearing serial number TIS63746, and ammunition. Lee was aware of his status as a convicted felon at the time he committed the offense charged in the Indictment [DN 1] and described here.
>
> An examination of these firearms was then performed by an ATF Special Agent who determined that they did meet the definition of a firearm under 18 U.S.C. § 921(a)(3) and also determined that they were not manufactured in the Commonwealth of Kentucky and, therefore, had moved in interstate commerce.

The plea agreement also indicates, in paragraph 12, that the United States and Mr. Lee "have independently reviewed the Sentencing Guidelines applicable in this case, and in the their best judgment and belief," agree that the following is the appropriate guidelines calculation for this Court:

A.  2K2.1(a)(5)          Base Level Offense                    18
    2K2.1(b)(1)(A)       3-7 Firearms                          +2
    Total Offense Level                                        20
    3E1.1(a) and (b)     Acceptance of Responsibility          -3
    Adjusted Offense Level                                     17

B. The Presentence Investigation Report determines that Mr. Lee's total criminal history score is 9, which establishes a criminal history category of IV. Neither party objects to to this determination.

In the plea agreement, the United States agrees to

-recommend a sentence of imprisonment at the lowest end of the applicable guideline range, and a reduction of three levels for "acceptance of responsibility" provided that the defendant did not engage in future conduct which violates any state or federal law, a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. (Mr. Lee has not engaged in any such prohibited conduct.)

-demand for of the firearms (to which Mr. Lee agrees); and

-recommend that the portion of the state court sentence Mr. Lee was serving, beginning at the time of his federal indictment, be credited to the federal sentence imposed in this case so that Lee receives federal imprisonment credit starting on July 24, 2018. In exchange for the United States making this recommendation, the defense agrees to withdraw the pending motion to dismiss.

(Plea Agreement, R.18, Para. 11).

Darrell Lee respectfully requests this Court follow the agreement of the parties and the guidelines calculations and recommendations of the United States as stated in the plea agreement, and determine that the applicable Adjusted Offense Level is 17 and the Criminal History Category is IV. Pursuant to this calculation, the applicable guidelines imprisonment range is 37 months to 46 months. The sentence at the low end of these guidelines would be 37 months.

Mr. Lee recognizes that the Presentence Investigation Report contemplates an Adjusted Offense Level of 21, however, Mr. Lee requests this Court follow the agreement and independent calculations of the parties. This sentence, as contemplated by the parties in the plea agreement, would validate the intent of the parties in entering the plea agreement, and recognize the agreement of the parties as to the facts regarding the offense conduct for determining the offense level here.

Mr. Lee objects to the differences in the Presentence Investigation Report as follows:

**a. Objection to Two-Point Enhancement to Base Level Offense due to unproven allegation that the firearm was stolen, as stated in Paragraph 18.**

Mr. Lee objects to the proposed two-point increase in Paragraph 18, for the Specific Offense Characteristic that any firearm was stolen, pursuant to USSG §2K2.1(b)(4)(A). As discussed above, the parties agreed to the offense conduct for this case, which did not include that facts indicating that any of the firearms involved were stolen. The government has not offered proof any of the firearms were stolen, and Mr. Lee had no

knowledge or reason to believe that any of the firearms were stolen. While the government may not need to prove Mr. Lee's *mens rea* for this enhancement to apply, the United States still must prove that the firearm was stolen for this enhancement. *United States v. Grundy*, 178 Fed. Appx. 509 (6th Cir. 2006)(district court committed plain error under Booker by applying stolen gun enhancement under USSG § 2K2.1(b)(4) based on judge-found facts after defendant pled guilty to being felon in possession of firearm in violation of 18 USCS § 922(g)(1)); *United States v. Mann*, 701 F.3d 274, 90 Fed. R. Evid. Serv. (CBC) 18 (8th Cir. 2012), *cert. denied*, 571 U.S. 973, 134 S. Ct. 470, 187 L. Ed. 2d 316 (2013)(District court erred in assessing enhancement for stolen firearms under USSG § 2K2.1(b)(4) based on certain grenades, as there was no evidence presented that indicated grenades had been stolen, and two of Government's witnesses had actually only testified that in prior, unrelated incidents grenades somewhere were stolen by someone); *United States v. Arrington*, 215 F.3d 855 (8th Cir. 2000), *app. after remand*, 255 F.3d 637 (8th Cir. 2001)(Sentence must be vacated because district court failed to hold evidentiary hearing on contested factual statement in presentence report that shotgun was stolen before it applied stolen firearm enhancement under § 2K2.1(b)(4)).

     Here, the United States has agreed the facts do not support this enhancement, and have agreed that the facts that should be used in determining the base offense level do not include a finding that any of the firearms were stolen. For these reasons, this two-point enhancement should not apply to the advisory guidelines range.

**b. Objection to Base Offense Level because the United States did not prove that the defendant's offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine.**

Mr. Lee objects to the proposed base offense level of 20, as stated in Paragraph 16 of the PSR. In his plea agreement, the United States and Mr. Lee agreed that the applicable base level offense was 18. (Plea Agreement, Para.12). The PSR suggests a higher base offense level of 20. Initially, the PSR suggested that higher base level offense was appropriate because of a prior marijuana conviction from Washington state, however Mr. Lee objected and the probation officer agreed with his argument.[1] The PSR now indicates that base level of 20 is appropriate pursuant to a different guideline, USSG §2K2.1(a)(4)(B).

---

[1] In the initial Presentence Investigation Report, this was based on USSG §2K2.1(a)(4)(A), which provides for a base offense level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The PSR identified a marijuana case from Oregon as the qualifying prior offense, Washington County Circuit Court No. 11-CR-283. In the Oregon case, Mr. Lee pled guilty to unlawful distribution of marijuana, in violation of Oregon Revised Statute 475.860. Then 18-year-old Darrell Lee was alleged to have possessed marijuana during a traffic stop, and although he was licensed with an Oregon Medicinal Marijuana program caregiver, he was "distributing marijuana outside of the guidelines of the caregiver program." He was sentenced to 45 days in jail, to be served concurrent with Case No. D105673T, a conviction for driving under the influence. Mr. Lee objected, arguing the defendants prior Washington state conviction for Unlawful Distribution of Marijuana did not qualify as a felony conviction for a controlled substance offense per the meaning under USSG §4B1.2(b). The probation officer agreed with Mr. Lee's argument, but then argued that the base level offense should still be a 20 because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, pursuant to USSG §2K2.1(a)(4)(B).

6

United States Sentencing Guidelines §2K2.1(a)(4)(B) indicates that a base offense level of 20 is appropriate only when the (i) offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and (ii) the defendant was a prohibited person at the time he committed the instant offense. The Application Notes to this section of the guidelines defines a "semiautomatic firearm that is capable of accepting a large capacity magazine" as "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm. This definition does not include a semiautomatic firearm with an attached tubular device capable of operating only with .22 caliber rim fire ammunition." Application Note 2 to USSG §2K2.1(a)(4)(B).

Again, the United States and Mr. Lee agreed to the relevant offense conduct for this case in the plea agreement, which did not include that facts indicating that any of the firearms qualified as "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." With the parties agreeing that this enhanced base level does not apply, this Court simply does not have proof from the government to justify this

higher base level recommended in the presentence investigative report. Since this semiautomatic firearm base level offense does not apply, the catch-all base level offense of 18 applies, pursuant to USSG §2K2.1(a)(5).

The catch-all provision of USSG §2K2.1(a)(5) indicates the appropriate base offense level is 18 "if the offense involved a firearm described in 26 U.S.C. § 5845(a)." Pursuant to 26 U.S.C. §5845, the term "firearm"

> means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

This catch-all provision provides the appropriate base level offense of 18 here.

**2. VARIANCE PURSUANT TO U.S.C. § 3553**

To the extent this Court determines that a sentence of greater than 37 months, the guidelines sentence contemplated by both the United States and Darrell Lee in their plea agreement, Mr. Lee requests this Court grant him a variance pursuant to 18 U.S.C. § 3553 to impose a sentence of no greater than 37 months. A 37 month sentence would be

"sufficient, but not greater than necessary, to comply with the purposes set forth in the statute in section (a)(2) of the statute: to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In determining such a minimally sufficient sentence, §3553(a) further directs sentencing courts to consider several factors: the advisory sentencing guideline range, the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Here these factors have been contemplated by the parties in their plea agreement and the United States' recommendation of a sentence of 37 months. Darrell Lee urges the Court to follow the agreement of the parties, and their contemplation of what would be a sufficient, but not greater than necessary, sentence.

Mr. Lee has also demonstrated through his unique work history at a young age that he is capable of making a meaningful contribution to society. After attending college for several years, Darrell went into business with his mother, Erin Lee to open a coffee shop in Old Louisville, Smokey Beans Cafe. While his mother provided the financial

investment to serve as the owner of the business from her work as a flight attendant, Darrell managed the coffee shop. https://www.courier-journal.com/story/life/2017/03/07/women-you-dont-have-strike-heard-day-without-woman/98812328/. The mother-son business relationship became the first union coffee shop in Kentucky through their cooperative relationship. https://www.leoweekly.com/2014/07/union-grounds/. After completing his sentence, Mr. Lee hopes to return to the workforce with his business skills

## CONCLUSION

For all the foregoing reasons, Darrell Lee respectfully requests that this Court impose a sentence of 37 months, the low end of the advisory guidelines calculation anticipated and agreed to by the parties.

Respectfully submitted,

*/s/Michael L. Goodwin*
**MICHAEL GOODWIN**
600 West Main St, Ste 100
Louisville, Kentucky 40202
(502) 584-7622
michaellgoodwin@me.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Court the CM/ECF system on this the 7th day of July 2020.

*/s/Michael L. Goodwin*
**MICHAEL GOODWIN**