UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                      CRIMINAL NO. 3:18-CR-106-JRW

DARRELL JOSEPH LEE                                                                          DEFENDANT
a/k/a DARRELL LEE

**SENTENCING MEMORANDUM**
*-Electronically Filed-*

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for July 17, 2020. The United States does not plan to put on testimony at the hearing.

The United States agrees with the U.S. Probation Office's final Presentence Investigation Report (PSR) guideline calculations of an adjusted offense level of 21, a Criminal History Category of IV, and a sentencing range of 57 to 71 months. However, it is the position of the United States that, should the Court also agree with the PSR guideline calculations, a below guidelines sentence of 37-46 months of imprisonment, as defined in U.S.S.G. §5C1.1(f), is sufficient, but no greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

**I. OFFENSE CONDUCT**

The defendant was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The United States agrees with paragraphs 8 through 11 of the final PSR (DN23).

**II. GUIDELINES CALCULATION**

The United States agrees with Probation's calculation of the adjusted offense level and reduction for acceptance of responsibility. Using these calculations, the appropriate Guidelines offense level is 21.

When negotiating the initial plea agreement, in paragraph 12.A., the United States and the defendant agreed upon the sentencing guidelines according to their best judgment and belief. However, both parties failed to identify the correct base offense level of 20 due to one or more of the firearms in the indictment being capable of accepting a large capacity magazine (§ 2K2.1(a)(4)(B)) and failed to include the two-point enhancement for one or more of the firearms in the indictment being stolen (§ 2K2.1(b)(3)(B)). The final PSR's base offense level of 20 and the stolen firearm enhancement are correct and applicable. The fact that the parties miscalculated the guidelines do not make the correct guidelines inapplicable. In fact, paragraph 12.B. of the plea agreement specifically states that, "the Court will independently calculate the Guidelines at sentencing." (DN18). Lee is incorrect when he states that paragraph 3 of the plea agreement forms the basis for the conviction and sentence. What paragraph 3 specifically addresses is his plea of guilty to Count 1 stating that, "[t]he parties agree to the following factual basis for this plea…." The factual basis, which Lee seemingly analogizes to a sentencing stipulation, wouldn't be binding on the Court anyways as USSG § 6B1.4(d) confirms that Courts are not bound by stipulations and further states that Courts may use the presentence report to determine facts relevant to sentencing. *See also* United States v. Baker, 19 Fed. Appx. 223, 228 (6th Cir. 2001).

However, because the United States and the defendant negotiated the plea agreement in good faith and the defendant presumably pled guilty (even with the inclusion of paragraph 12.B of his plea agreement recognizing that the Court would ultimately calculate the guidelines) with the understanding that his adjusted offense level would be a 17, the United States requests that the Court allow the defendant to have the benefit of his agreement. Therefore, should the Court also agree with Probation's calculation of a adjusted offense level of 21, the United States will recommend that the Court grant a downward variance from 57-71 months to 37-46 months of imprisonment so that the defendant will obtain the benefit of his plea agreement and because a sentence of 37-46 months still

honors the sentencing factors of 18 U.S.C. § 3553(a). This variance would also be supported by the statements of Lee's aunt and mother.

### III.  CRIMINAL HISTORY

The United States agrees with the criminal history calculation in the final PSR. Defendant has a criminal history score of 9 and a criminal history category of IV.

### IV.  SENTENCING FACTORS

The total offense level should be 21 for Count 1. The criminal history category is IV. The sentencing range pursuant to the Guidelines would be 57 to 71 months; however, for the reasons stated above, the United States takes the position that a sentence of 37-46 months for Count 1 is appropriate in the instant case.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

It is the position of the United States that a sentence of 37-46 months would accomplish the sentencing purposes of 3553(a). Therefore, should the Court also agree with Probation's calculation of a total offense level of 21, the United States respectfully requests that the Court grant a downward variance from the advisory guidelines and impose a sentence of 37-46 months with respect to Count 1, which is sufficient, but not more than necessary to satisfy the above factors.

## V.  CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court impose a sentence of 37-46 months of imprisonment, as defined in U.S.S.G. §5C1.1(f), followed by a period of supervised release for Count 1.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

_____
Nute A. Bonner
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky  40202
Email: nute.bonner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Michael L. Goodwin, Esq.**, counsel for defendant.

_____
Nute A. Bonner
Assistant United States Attorney